UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Antonio Clayton, | C/A No. 9:25-cv-06147-RMG-MHC |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Sgt. Krystal Spencer, Cpl. Kiene, | |
| Defendants. | |

This is a civil action filed by Plaintiff Robert Antonio Clayton, a pretrial detainee proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In an Order dated September 8, 2025, Plaintiff was directed to bring his case into proper form by providing the specified documents. Plaintiff was also notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 5. The time for Plaintiff to bring his case into proper form has passed, Plaintiff has failed to bring his case into proper form, and he has not filed an amended complaint.

## I.     BACKGROUND

Plaintiff is a pretrial detainee at the Greenville County Detention Center (GCDC). He appears to allege that Defendants violated prison policy by covering the window to his cell with a steel door. Plaintiff claims he experienced mental depression and other mental health symptoms. He also claims he developed a "rocking" habit. ECF No. 1 at 6-8. Plaintiff requests injunctive and monetary relief. *Id.* at 8.

## II.     STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Lack of Jurisdiction

This action is subject to summary dismissal for lack of federal court jurisdiction. Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question

jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.[1] Plaintiff appears to be attempting to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In response to the question on the Complaint form asking Plaintiff what federal constitutional or statutory right he claims is being violated, he failed to list any federal constitutional or statutory right. *See* ECF No. 1 at 4. Instead, Plaintiff appears to allege that Defendants violated GCDC policies by allowing his cell window to be covered. Such allegations are not actionable in a § 1983 action as a violation of GCDC policies and/or procedures does not constitute a violation of Plaintiff's constitutional rights. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *cf. Johnson v. S.C. Dep't of Corrs.*, No. 06B2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) (A plaintiff's allegation that defendants did not follow their own policies or

---

[1] A district court may also have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not asserted diversity jurisdiction and has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side). Here, there is not complete diversity because Plaintiff and Defendants all appear to be citizens of South Carolina. *See* ECF No. 1 at 2-3.

3

procedures, standing alone, does not amount to a constitutional violation.) (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

B.     <u>Failure to Bring Case Into Proper Form</u>

As noted above, Plaintiff has also failed to bring this case into proper form. In the Court's Proper Form Order dated September 8, 2025, Plaintiff was given the opportunity to bring his case into proper form by paying the filing fee or fully completing and signing his partially completed application to Proceed Without Prepayment of Fees and Affidavit (Form AO-240), completing a summons form listing every Defendant named in the matter, and completing and signing a Form USM-285 for each named Defendant. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 5.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required items to bring his case into proper form or respond to the Proper Form Order in any way. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.     RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without further leave to amend,[2] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

October 17, 2025
Charleston, South Carolina

---

[2] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).